398 So.2d 815 (1981)
Doretha PENNINGTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 58648.
Supreme Court of Florida.
April 16, 1981.
*816 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition for certiorari to review a decision of the Fourth District Court of Appeal which held that a trial court, when imposing a sentence after probation revocation, is not required to credit a defendant with time served at a drug rehabilitation center where such was a condition of probation. This decision is contrary to the decisions of the Second District Court of Appeal in Graham v. State, 366 So.2d 498 (Fla.2d DCA), appeal dismissed, 370 So.2d 459 (Fla. 1979), and Johnson v. State, 334 So.2d 334 (Fla.2d DCA 1976). We find direct conflict and have jurisdiction under article V, section 3(b)(3), Florida Constitution (1972). We approve the instant decision of the Fourth District and discharge the petition.
The relevant facts reflect that petitioner, Doretha Pennington, pleaded nolo contendere to possession of cocaine. The trial judge withheld adjudication of guilt and imposed a three-year period of probation, with the condition that petitioner was "to be remanded to a live-in drug rehabilitation program and to be released only to probation officer." Subsequent to a stay of 363 days in the rehabilitation center and while serving the remainder of the probationary period, petitioner violated probation by changing her place of residence without consent and by failing to follow the instructions of her probation supervisor. The trial court consequently revoked petitioner's probation and sentenced her to five years in the state penitentiary. Upon defense counsel's motion, the trial court initially gave credit for the days served at the rehabilitation center but later rescinded that order. The Fourth District Court affirmed the denial of credit. 382 So.2d 907.
Petitioner contends it is (1) a denial of equal protection under the United States Constitution and (2) violative of double jeopardy precepts under the United States and Florida Constitutions to disallow her credit for the time served at the rehabilitation center.
Petitioner first asserts that this case is controlled by our decision in State v. Jones, 327 So.2d 18 (Fla. 1976), and by section 921.161(1), Florida Statutes (1977), which require that upon probation revocation, a defendant must be credited for any time served in county jail. Pennington maintains that it is a denial of equal protection to allow credit for time served in county jail and at the same time disallow credit for time served at an inpatient rehabilitative facility.
Two United States Circuit Court of Appeals decisions have addressed this exact question. Harkins v. Wyrick, 589 F.2d 387 (8th Cir.1979); Makal v. Arizona, 544 F.2d 1030 (9th Cir.1976), cert. denied, 430 U.S. 936, 97 S.Ct. 1563, 51 L.Ed.2d 782 (1977). Both of these courts determined that it was not a denial of equal protection to allow credit for jail time but not for time spent in a rehabilitative center or state hospital. In so holding, both courts found that those in jail and those in rehabilitative centers or state hospitals constituted two different classes of persons and that "there is no constitutional infirmity in reasonable classifications and in the treatment of different classifications differently. See Salsburg v. Maryland, 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281 (1954); Missouri v. Lewis, 101 U.S. 22, 25 L.Ed. 989 (1879)." 544 F.2d at 1035. Both the Eighth and Ninth Circuits concluded that disallowing sentence credit for other than jail time served suffered no constitutional infirmity and was strictly a matter for state concern. We agree with the reasoning of these circuits that rehabilitation center time served need not be credited under equal protection mandates.
Pennington's second contention is that denial of rehabilitation center credit violates the United States and Florida constitutional prohibitions against multiple punishments for the same offense. North *817 Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In North Carolina v. Pearce, the United States Supreme Court held that multiple prison sentences for the same crime placed a defendant in double jeopardy, and that defendants must be credited for any jail time exacted for the same offense. The Court did not, however, address whether rehabilitative center confinement constituted a "jail term" which required credit.
Other jurisdictions have addressed this issue. The South Dakota Supreme Court, in State v. Lohnes, 266 N.W.2d 109 (S.D. 1978), determined that denial of credit for time spent at a state training school as a condition to probation was not contrary to double jeopardy prohibitions. The court stated: "Time served on probation need not be credited on a sentence imposed after revocation... . This is true even where one of the conditions of probation includes some form of incarceration." Id. at 114. Accord State v. Fuentes, 26 Ariz. App. 444, 549 P.2d 224, aff'd, 113 Ariz. 285, 551 P.2d 554 (1976) (adopting lower court opinion); People ex rel. Robinson v. Warden, 58 A.D.2d 559, 396 N.Y.S.2d 19, appeal dismissed, 42 N.Y.2d 1051, 399 N.Y.S.2d 214, 369 N.E.2d 770 (1977). See State v. Babcock, 226 Kan. 356, 597 P.2d 1117 (1979).
We conclude that North Carolina v. Pearce does not extend double jeopardy protections to require sentence credit for probationary order restrictive conditions. Halfway houses, rehabilitative centers, and state hospitals are not jails. Their purpose is structured rehabilitation and treatment, not incarceration.
We are aware that some courts have determined that credit for rehabilitation center confinement must be given. See, e.g., Lock v. State, 609 P.2d 539 (Alaska 1980); People v. Rodgers, 79 Cal. App.3d 26, 144 Cal. Rptr. 602 (1978); People v. Stange, 91 Mich. App. 596, 283 N.W.2d 806 (1979). Those jurisdictions, however, have controlling statutes which require that result. Our statute, section 921.161(1), states: "[T]he court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence" (emphasis ours). We decline to extend the statute's plain language to require that credit be given in other circumstances.
The instant decision of the district court is approved, and the petition for review discharged. The decisions of the Second District Court in Graham v. State, 366 So.2d 498 (Fla.2d DCA 1979), and Johnson v. State, 334 So.2d 334 (Fla.2d DCA 1976), are disapproved.
It is so ordered.
SUNDBERG, C.J., and ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I would quash the decision of the district court of appeal, and would hold in favor of the results reached in Graham v. State, 366 So.2d 498 (Fla.2d DCA), appeal dismissed, 370 So.2d 459 (Fla. 1979), and Johnson v. State, 334 So.2d 334 (Fla.2d DCA 1976). While I cannot fault the majority's reasoning based on the authorities cited, I would place a different construction on our statute dealing with the allowance of credit for time served. In this context, I see little if any rational distinction between the denial of liberty through incarceration in jail and the denial of liberty by way of confinement in the structured environment of a training or treatment center. Therefore, I respectfully dissent.