WIGGINTON, Judge.
Appellant appeals an order entered by the trial court correcting jail time credit. The order was entered pursuant to appellant’s Florida Rule of Criminal Procedure 3.850 motion in which she asserted that in a June 11, 1984, judgment of conviction and sentence, she was not given proper credit for time previously served in jail. We affirm.
In an attachment to her motion, appellant set forth the dates and total days in jail for which she contended she should have been given credit. She sought credit for 179 days served in jail. However, her attachment shows that she sought credit for time served through June 14, 1984, while her own motion shows that the date of the judgment from which she sought relief is June 11, 1984, thus indicating that her actual sentence began on that date. Pursuant to her motion, the trial judge entered the order correcting jail time credit, allowing her 176 days' credit. The three-day discrepancy between the days’ credit given by the trial judge and the days sought by appellant thus appears to be due to appellant’s error in calculating her time previously served through June 14 instead of through June 11. Consequently, the record before us indicates that the trial judge was correct in the number of days’ credit he awarded.
Appellant also sought credit for forty-four days spent in Florida State Hospital, which the trial judge did not allow. Section 921.161(1), Florida Statutes, does not require that credit be given for time served in a state hospital since state hospitals are not jails. Pennington v. State, 398 So.2d 815 (Fla.1981). Therefore, the trial judge did not err in this regard.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.