## STATE OF FLORIDA v. TAL-MASON
### Case No. 77-4084-CF
Seventeenth Judicial Circuit, Broward County
July 22, 1985

### APPEARANCES OF COUNSEL

**Mark Horn,** Assistant State Attorney, for plaintiff.

**Richard A. Belz,** Florida Institutional Legal Services, Inc., for defendant.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

The Defendant, David Tal-Mason filed a Motion to Correct Sentence in this cause, seeking additional county jail time credit on his imposed sentence of life imprisonment for the offense of murder in the second degree. No challenge to the validity of the conviction or sentence themselves was raised by the Defendant.

By Order dated June 6, 1985, the court granted the Defendant an additional thirteen (13) days of credit for time actually spent in the county jail before conviction, but denied Defendant's Motion to Correct Sentence as to the request for credit for time spent in the state mental hospitals. The Defendant timely filed a Motion for Rehearing.

Oral argument of counsel for the Defendant and the State was heard on July 10, 1985 in support of, and in opposition to, respectively, the

Motion for Rehearing. Upon considering the facts of this case and the arguments of counsel, and the court being fully advised in the premises, the court makes the following findings of fact and conclusions of law:

## STATEMENT OF FACTS

1. Defendant, David Tal-Mason, is legally committed to the custody of the Florida Department of Corrections.

2. Defendant has not filed any previous Motions for post conviction relief pursuant to Fla. R. Crim. P. 3.850.

3. Defendant was arrested on June 30, 1977, for first-degree murder and two counts of grand larceny. The grand jury indictment was handed down on July 26, 1977, Case Number 77-4084-CF, in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida.

4. On December 9, 1977, this court committed Defendant to the Department of Health and Rehabilitative Services (DHRS) to evaluate Petitioner's mental competency to stand trial.

5. On December 16, 1977, the Defendant was transferred to the forensic unit of South Florida State Hospital in Hollywood, Florida.

6. On January 23, 1978, the Defendant was adjudicated mentally incompetent to stand trial.

7. Defendant's admission and discharge dates at South Florida State Hospital were:

| AdmissionDate | Date Discharge | Disposition |
| --- | --- | --- |
| 12/16/77 | 07/18/79 | Return to Court |
| 08/09/79 | 10/06/81 | Return to Court |
| 10/22/81 | 12/10/81 | Return to Court |
| 12/10/81 | 04/21/82 | Transferred to North Florida Evaluation and Treatment Center (NFETC) |

Each time the Defendant was returned to court, he was adjudicated mentally incompetent to stand trial and was returned to the custody of DHRS.

8. The Defendant spent the total time of 1552 days (4 years, 91 days) in the custody and control of South Florida State Hospital.

9. The Defendant was admitted to NFETC in Gainesville, Florida, on April 22, 1982, and was discharged on February 14, 1983.

174

10. The Defendant spent the total time of 299 days in the custody of DHRS at NFETC.

11. The total time Defendant spent in the custody and control of DHRS was 5 years, 27 days.

12. The Defendant was found competent to stand trial on March 29, 1983.

13. The Defendant entered a plea of guilty to second-degree murder and was sentenced on August 8, 1983, to life imprisonment.

14. The Defendant spent a total time of 6 years and 40 days in custody; 1 year and 13 days of the total time spent in custody was spent in county jails.

15. The Defendant was awarded 365 jail time credit by the trial court on August 8, 1983.

16. Section 921.161(1), Florida Statutes, specified at all relevant times in this case that:

A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.

17. Section 917.014, Florida Statutes, effective July 1, 1979, specified at all relevant times in this case that:

Time spent in the treatment programs of the Department of Health and Rehabilitative Services shall be considered time served on the sentence imposed upon the offender by the court.

18. Pretrial detainees who become physically ill or who are physically injured during their stay in a county jail before trial, and who are treated at a hospital for their illness or injury, receive full credit if convicted as "time spent in the county jail before sentence."

19. Pretrial detainees who spent time in a Mentally Disordered Sex Offender treatment program of the Department of Health and Rehabilitative Services receive full credit, if convicted, for such time under the provisions of Section 917.014, Florida Statutes.

20. Convicted defendants who become physically or mentally ill while in the custody of the Florida Department of Corrections receive full credit toward their sentence for all time spent in treatment.

## CONCLUSIONS OF LAW

1. Based upon the foregoing Statement of Facts, this Court con-

**175**

cludes that Section 921.161(1) F.S., denies sentence credit to the Defendant herein, and that, therefore, said statute is unconstitutional as applied to him for the reasons set forth below.

2. The Supreme Court of the United States teaches that fundamental fairness is the "touchstone of due process." *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763 (1973).

3. Custodial confinement in a state hospital for treatment as a mentally disordered sex offender is substantially synonymous with custodial confinement in a state hospital for treatment of any other mental illness or, indeed, with custodial confinement in a hospital for treatment of a physical injury or illness.

4. It is fundamentally *unfair* to grant credit toward their sentences (if they are convicted) to those who are hospitalized for physical injuries or to those who receive treatment as mentally disordered sex offenders, while, at the same time, denying such credit to those who suffer from any other type of mental illness. *Gagnon, supra*; Article I, Section 9, Florida Constitution; U.S. Constitution Amend. XIV.

5. It is a denial of the equal protection of the law to grant such sentence credit on the basis of the type of mental illness or deficiency, or to discriminate between physical and mental illness, when such illness or deficiency is out of the control of a defendant. There is no legal difference, or shouldn't be, between a broken leg and a "broken head" when it comes to time credited toward sentence. Article I, Section 2, Florida Constitution; United States Constitution Amendment XIV. This is the exact position adopted by the Supreme Court of Washington in an en banc decision, which this court finds is persuasive authority on the issue. *Matter of Knapp*, 687 P.2d 1145, 102 Wash.2d 466 (1984).

6. Section 921.161(1), F.S. does not necessary bar awarding of the requested credit in this case. The Florida appellate court decisions interpreting said statute have been based on statutory construction, prior to the adoption of Section 917.014, F.S., and do not address the due process and equal protection constitutional arguments presented herein. See, *Dorfman v. State*, 351 So.2d 954 (Fla. 1977); *Richie v. State*, 469 So.2d 218 (Fla. 1st DCA 1985); *Turner v. State*, 395 So.2d 1242 (Fla. 1st DCA 1981); *Dalton v. State*, 362 So.2d 457 (Fla. 4th DCA 1978). The case cited by the State in opposition dealt with time served at a drug rehabilitation center pursuant to an order of probation, which was subsequently revoked. *Pennington v. State*, 398 So.2d 815 (Fla. 1981). This court specifically finds that *Pennington* is distinguishable on its facts and is not relevant to the issues raised in the instant case.

**176**

THEREFORE, it is ordered and adjudged that:

1. Defendant's Motion for Rehearing is granted.

2. The Order entered June 6, 1985 is hereby withdrawn.

3. Defendant is hereby granted an additional 5 years and 40 days of county jail time credit, apportioned as follows:

a. 13 extra days for time spent in the county jail, in addition to the 365 days previously awarded (this extra time was credited by the June 6, 1985 Order and its award has not been disputed by the State).

b. 39 days for time spent in the state mental hospital on transfer from jail to be evaluated for competency to stand trial.

c. Four years and 353 days for time spent in the state mental hospitals awaiting trial after an adjudication of incompetency.