520 So.2d 636 (1988)
Joseph D. HAVEARD, Appellant,
v.
STATE of Florida, Appellee.
No. BR-455.
District Court of Appeal of Florida, First District.
February 12, 1988.
*637 Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
No appearance for appellee.
PER CURIAM.
Joseph D. Haveard appeals an order of the trial court which failed to credit his concurrent sentences with 121 days spent in involuntary confinement at Florida State Hospital pursuant to The Baker Act. The only issue before this court is the failure to award credit for the period of involuntary hospitalization. We reverse.
Appellant was charged in five informations with various property offenses, including theft, burglary, and forgery. Initially, appellant pled not guilty to all of the charges. By order dated June 26, 1986, appellant was involuntarily hospitalized for 121 days at Florida State Hospital, pursuant to The Baker Act. § 394.467, Fla. Stat. (1985).
On December 1, 1986, appellant pled nolo contendere to several of the offenses, and the state nolle prossed the remaining charges pursuant to a plea agreement. On January 20, 1987, the trial court imposed concurrent 54-month terms of imprisonment, to be followed by concurrent 15-year terms of probation. Appellant was credited with 176 days jail time, but received no credit for the 121 days of hospitalization pursuant to The Baker Act.
When the trial court entered the order granting jail time credit only, Florida law appeared to mandate denial of credit for time spent in the state hospital. See Pennington v. State, 398 So.2d 815 (Fla. 1981). Thereafter, on November 12, 1987, the supreme court's opinion in Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), distinguished Pennington on the basis of the petitioner's probationary status, finding that "commitment for incompetence, unlike probationary rehabilitation, infringes upon significant liberty interests in a particularly coercive manner." 515 So.2d at 739. Accordingly, the court held that jail-time credit must be awarded for preconviction coercive detention.
By order dated January 22, 1988, this court directed the parties to file briefs addressing the possible applicability of the Tal-Mason opinion to the instant case. Both parties agree that Tal-Mason is applicable, and the state concedes that appellant is entitled to 121 days credit for the period of involuntary hospitalization. Appellant's counsel has filed a motion to expedite. We note that the state has authorized appellant's counsel to represent that the Attorney General's office will not oppose the motion to expedite.
Therefore, the sentences imposed are hereby amended to give credit for the 121 days preconviction coercive confinement. Upon receipt of this opinion, appellant's counsel should notify the Department of Corrections as soon as possible, so that appellant's release date may be calculated with application of the 121 days credit due.
Accordingly, the order awarding jail time credit is amended to reflect the addition of 121 days which were not formerly credited to appellant's sentences.
SHIVERS, JOANOS and THOMPSON, JJ., concur.