ROTHENBERG, Judge.
The defendant, Anthony Gardner (“Gardner”), appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which Gardner sought jail time credit for time spent in a residential drug treatment program while on probation and as a special condition to his probation. We affirm.
Section 921.161(1), Florida Statutes (2005), provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
The Florida Supreme Court in Tal-Mason v. State, 515 So.2d 738 (Fla.1987), interpreted section 921.161(1), Florida Statutes, to apply to any period of time “served prior to conviction in any institution serving as the functional equivalent of a county jail,” and interpreted “the functional equivalent of a county jail” as not to include time spent in a drug rehabilitation facility as a condition of probation. Id. at 740; see also State v. Cregan, 908 So.2d 387, 389 (Fla.2005); Pennington v. State, 398 So.2d 815, 816 (Fla.1981); Molina v. State, 867 So.2d 645, 645 (Fla. 3d DCA 2004). Affirmed.