946 So.2d 1136 (2006)
M.S., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4774.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*1137 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
M.S., a juvenile, appeals the trial court's denial of his motion to correct sentencing error filed during the pendency of this appeal. He contends that the disposition orders entered in his delinquency cases failed to limit the court's jurisdiction over him to the statutory maximum penalty for his offenses or to his nineteenth birthday, whichever occurred first, and that the disposition orders regarding the misdemeanor offenses failed to provide him with credit for time served in secure detention pending his disposition and placement into a Level 8 program. We agree that M.S. is entitled to credit for secure detention time served on the misdemeanor offenses and remand for correction to reflect such credit.
M.S. was charged by petition with "improper exhibition of a dangerous weapon." He pled guilty to the charge and the trial court withheld adjudication and placed him on probation. About five months later, M.S. was charged by petition with "robbery by sudden snatching" and "carrying a concealed weapon." As a result of these two offenses, a sworn affidavit/petition for violation of probation was filed. M.S. was adjudicated guilty of both offenses. He then pled guilty to violating probation. His disposition was deferred.
A third petition was filed charging M.S. with "battery in county jail or detention facility." M.S. pled guilty to this offense, as well as to violating probation, based on the offense. The court accepted M.S.'s guilty plea and again deferred disposition. Ultimately, M.S. was adjudicated delinquent and committed to a Level 8 program on all three cases. M.S. appealed his judgment and conviction.
Between the initial pick-up order issued for M.S. and the trial court's final disposition order, the trial court issued numerous orders that M.S. be held in secure detention. During the pendency of his appeal, M.S. moved the trial court to correct sentencing error. Because the court did not rule upon the motion, it was deemed denied.
In his motion to correct sentencing error, M.S. argued that the disposition orders in all three cases on appeal failed to reflect the limitations of the trial court's jurisdiction over him, and that two of the disposition orders failed to provide him with credit for time served in secure detention pending his disposition and placement into a Level 8 program.
Section 985.201(4)(a), Florida Statutes (2002), provides:
Notwithstanding ss. 743.07, 985.229, 985.23, and 985.231, and except as provided in ss. 985.31 and 985.313, when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over *1138 the child that the court had prior to the child becoming an adult.
Section 985.231(1)(a)(8), Florida Statutes (2002), states that a court with jurisdiction may, by order:
Commit the child to the Department of Juvenile Justice for placement in a program or facility for serious or habitual juvenile offenders in accordance with s. 985.31. Any commitment of a child to a program or facility for serious or habitual juvenile offenders must be for an indeterminate period of time, but the time may not exceed the maximum term of imprisonment that an adult may serve for the same offense. The court may retain jurisdiction over such child until the child reaches the age of 21, specifically for the purpose of the child completing the program.
Thus, a court may retain jurisdiction until the child reaches the age of nineteen; or if the child is committed by the court, for the maximum term an adult offender may serve for the offenses, but in no event after the child turns twenty-one, whichever occurs first.
Disposition orders are governed by Florida Rule of Juvenile Procedure 8.115. Subsection (c) provides:
The disposition order shall be prepared and distributed by the clerk of the court. Copies shall be provided to the child, defense attorney, state attorney, and department representative. Each case requires a separate disposition order. The order shall:
(1) state the name and age of the child;
(2) state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute;
(3) state general and specific conditions or sanctions;
(4) make all findings of fact required by law;
(5) state the date and time when issued and the county and court where issued; and
(6) be signed by the court with the title of office.
Appellant argues that the trial court erred in failing to specify that his Level 8 commitment was limited to the statutory maximum penalty or to his nineteenth birthday, whichever occurred first. We conclude, however, that the trial court's disposition orders are not defective for failing to explicitly state the limitations of the trial court's jurisdiction over M.S. See J.G. v. State, 783 So.2d 1233, 1236 (Fla. 5th DCA 2001) (holding that the disposition order was not infirm for failure to explicitly state that the court's jurisdiction over juvenile ended when he reached age nineteen; stating that "all parties are on notice that, when J.G. reaches the age of nineteen, the trial court's jurisdiction terminates by operation of law pursuant to section 985.201(4)(a), Florida Statutes (1999)"); T.J. v. State, 743 So.2d 1158, 1159-60 (Fla. 2d DCA 1999) (receding from cases that require a disposition order under chapter 985 to explicitly state jurisdiction ends at age nineteen; stating "[w]e conclude that both the juvenile and the State are on legal notice of the content of that chapter").
We agree with the state that, here, where the child was committed by the court, the trial court met the requirements of rule 8.115 and section 985.231(1)(a)(8) by specifying in each order the maximum term of imprisonment that an adult may serve for each offense. This is sufficient, because section 985.231(1)(a)(8) dictates that commitment not to exceed this term.
As to the second point raised by M.S., we agree and accept the state's concession *1139 that the trial court erred in failing to award M.S. credit for time spent in secure detention against the one-year maximum period for the misdemeanor offenses. See J.I.S. v. State, 930 So.2d 587 (Fla.2006).
In J.I.S., the Florida Supreme Court recently addressed the question raised by the First District Court of Appeal in J.I.S. v. State, 902 So.2d 890 (Fla. 1st DCA 2005): "Is a juvenile delinquent who receives an indeterminate residential commitment to the Department of Juvenile Justice (DJJ) entitled to credit for time served in secure detention before the commitment?" Id. at 589. The supreme court answered this question in the negative, agreeing with the first district that precommitment credit for time served in secure detention is not required on an "indeterminate" commitment. However, the court concluded that such credit is awardable on a "determinate" sentence.
The supreme court examined the difference between "determinate" and "indeterminate" sentences, stating that the distinction would be "crucial in determining entitlement to credit for time served in secured detention." Id. at 592. The court cited several opinions from our district which recognized a difference between "determinate" and "indeterminate" commitments in deciding entitlement to credit for time served in secure detention. Id. at 593 (citing D.T. v. State, 820 So.2d 1091, 1092 (Fla. 4th DCA 2002) (holding that credit for time served should be granted a juvenile in residential commitment for a first degree misdemeanor, but noting that "credit should be applied from the end of the commitment period as the length of commitment is indeterminate and only limited to the maximum term that could be served by an adult"); J.B. v. State, 829 So.2d 376 (Fla. 4th DCA 2002) (holding error for trial court to fail to give the juvenile credit for time served for first- and second-degree misdemeanor offenses); L.K. v. State, 729 So.2d 1011 (Fla. 4th DCA 1999) (ordering the trial court to correct the disposition order to reflect that the juvenile could serve no more than one year, and to note that the juvenile was allowed credit for time served against the period of commitment)).
The supreme court quoted language from our opinion in C.C. v. State, 841 So.2d 657, 658-59 (Fla. 4th DCA 2003), wherein we held that the juvenile was entitled to predisposition credit for time served in secure detention against a moderate-risk residential commitment for a misdemeanor:
The juvenile justice system is designed to rehabilitate youth. Accordingly, juveniles are committed for indeterminate lengths of time. It is, therefore, generally impossible to fix a date from which to deduct time spent in secure detention. Perhaps this is why there is no comparable statute [to section 921.161(1) ] found in Chapter 985. Nevertheless, this is one of those cases involving a misdemeanor where the credit for time served in secure detention can find certainty.
Id. at 593-94.
As the supreme court noted, we later applied the felony/misdemeanor distinction in our en banc decision in J.W. v. State, 879 So.2d 680, 682 (Fla. 4th DCA 2004), in awarding credit for the misdemeanor offense but not for the felony. Id. at 594.
The J.I.S. court adopted this dichotomy in its holding:
Accordingly, we conclude, as did the Fourth District in J.W., C.C., J.B., D.T., and L.K., that in the case of a determinate commitment, that is, for a crime on which the maximum punishment will necessarily conclude before DJJ loses *1140 authority over the offender, the trial court must grant credit for time served in secure detention against the residential commitment. However, as noted by the Fourth District in C.C. and the First District in this case, where the commitment is indeterminate and will necessarily extend up to DJJ's age-based jurisdictional limits, such credit need not be granted.
J.I.S. at 596.
In this case, M.S. was adjudicated delinquent and committed to a Level 8 program for both misdemeanor and third degree felony crimes. Because the length of M.S.'s commitment on the misdemeanor offenses is determinate, he is entitled to credit for time served in secure detention for the misdemeanor crimes that were part of his overall commitment. Accordingly, we reverse and remand this cause with directions to correct the disposition orders to reflect such credit.
Reversed and Remanded.
STEVENSON, C.J., and GUNTHER, J., concur.