NORTHCUTT, Judge.
 

 Jesus Gonzales appeals the summary denial of his motion seeking credit for time served, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court’s order denying the claims it addressed; however, we remand this case to the postconviction court for further proceedings on the additional claims of credit that the court failed to address.
 

 In its order denying Mr. Gonzales’s motion, the postconviction court failed to determine whether Mr. Gonzales is entitled to credit for fourteen days between January 2003 and February 2003, allegedly spent in the Hillsborough County jail, and for four months and two weeks between February 2003 and July 2003, allegedly spent in a south Florida evaluations and treatment facility. To the extent Mr. Gonzales’s allegations are true, he is certainly entitled to credit for time spent in the Hillsborough County jail between January and February 2003. He may also be entitled to credit for time spent in a treatment facility.
 
 See Tal-Mason v. State,
 
 515 So.2d 738, 740 (Fla.1987) (holding that a defendant must be granted credit for time served “in
 
 any
 
 institution serving as the functional equivalent of a county jail”).
 

 Because the postconviction court failed to address two of Mr. Gonzales’s claims for credit, we must remand this case for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WALLACE, JJ., Concur.