DAVIS, Judge.
 

 Robert Odom challenges the order granting in part and denying in part his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Odom is entitled to an additional 542 days’ credit, we partially reverse the postconviction court’s order.
 

 In March 1998 Odom was arrested for armed robbery and carjacking. He was fourteen years old. In December 1998 Odom pleaded no contest to both counts, and the court ordered Odom committed to the Department of Juvenile Justice (DJJ). After an initial placement in the Hillsbor-ough West Regional Juvenile Detention Center, Odom was moved, on January 28, 1999, to the Cypress Creek maximum-risk facility. He remained there until June 25, 2000, when he was transferred to nonresidential supervision. In June 2001, while still placed in nonresidential supervision, Odom was arrested for leaving the scene of a crash. As a result of this arrest, he was sentenced as an adult on the 1998 charges to fifteen years’ prison.
 

 Odom filed a rule 3.800(a) motion on May 8, 2009, alleging entitlement to additional jail credit. The postconviction court granted Odom’s motion in part, amending his sentence to reflect an additional twenty-one days of credit for time spent in secure detention under the supervision of the DJJ in 1998. But the postconviction court denied Odom’s request for 542 days
 
 *367
 
 of credit for time spent at the maximum-risk facility in 1999 and 2000.
 

 On appeal, Odom relies, in part, on
 
 Tal-Mason v. State,
 
 515 So.2d 738, 740 (Fla. 1987), in which the Florida Supreme Court recognized “that a detainee must be granted credit for time served prior to conviction in
 
 any
 
 institution serving as a functional equivalent of a county jail.”
 
 [1]
 
 He argues that the maximum-risk facility where he was housed in 1999 and 2000 is the equivalent to jail. We agree. “Maximum-risk residential” programs are long-term residential programs, including juvenile correctional facilities and juvenile prisons, that prohibit access to the community and have perimeter security fencing and locking doors. § 985.03(45)(d), Fla. Stat. (2001). Unquestionably, Odom’s detention in the facility was intended to be and was a
 
 “coercive
 
 deprivation of liberty.”
 
 Cf. Tal-Mason,
 
 515 So.2d at 740 (concluding that jail-time credit should be granted for time spent in preconviction detention in a mental institution following a finding that defendant is incompetent to stand trial because such a “detention constitute a coercive deprivation of liberty and implicated significant constitutional rights”). Accordingly, Odom is entitled to credit for the 542 days spent in the Cypress Creek maximum-risk facility.
 

 We affirm the postconviction court’s order to the extent that it granted Odom credit for the time he spent in secure detention in 1998. But we reverse the order to the extent that it denied him credit for the time he spent in the maximum-risk facility. We therefore remand for the postconviction court to enter an order correcting Odom’s sentence by awarding him an additional 542 days of credit.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Odom also relies on section 985.233(4)(c), Florida Statutes (2001), which provides that upon failure of juvenile sanctions, including commitment programs, the trial court may revoke the previous [juvenile] adjudication, impose an adjudication of guilt [as an adult], and impose any sentence which it may lawfully impose, "giving credit for all time spent by the child in the department.” We, however, cannot determine the applicability of this statute given the limited record before this court.