369 So.2d 431 (1979)
Kenneth Raymond SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-284.
District Court of Appeal of Florida, Second District.
April 4, 1979.
DANAHY, Judge.
This is an appeal from the summary denial of a Florida Rule of Criminal Procedure 3.850 motion. We have reviewed appellant's allegations and find that two do not state grounds for relief. However, we cannot say the same thing about appellant's remaining allegations which concern the court's failure to award credit time.[1] Hence we reverse.
In his motion, appellant alleged that after he pled guilty to charges of possession of narcotics paraphernalia and possession of barbiturates, the court placed him on probation for a term of five years. He further alleged that he successfully completed three and one-half years of that probation, including a one-year stay at the Florida Turning Point Ranch. Thereafter, the court revoked probation and sentenced him to two consecutive five-year prison terms without giving him credit for time spent on probation. Appellant requested that the court correct his sentence by awarding credit. This the court refused to do.
While we agree with the trial court that under Section 948.06, Florida Statutes *432 (1977), a defendant is not entitled to credit for time spent on probation, we must also note that a court is required to award credit for any time during which a defendant is incarcerated as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976). Hence if appellant's allegations are true and if confinement in the Florida Turning Point Ranch amounts to incarceration, appellant is entitled to credit for the year he spent at the ranch.
Accordingly, we remand this case for an evidentiary hearing at which the trial court must test the truth of appellant's allegations and make a factual determination as to whether appellant was incarcerated[2] and was therefore entitled to credit time.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] The failure to award credit time is a matter which may be raised by way of a Rule 3.850 motion. Wright v. State, 355 So.2d 870 (Fla. 2d DCA 1978).
[2] At the least we think that a defendant is incarcerated when he is confined in a governmental institution and his liberty is circumscribed to the extent that he is not free to leave without official permission.