PER CURIAM.
The revocation of appellant’s probation is affirmed. However, we remand for correction of the order of revocation and the sentence.
Although the affidavit and warrant filed against appellant charged him with violating conditions (a), (b), and (h) of his probation, the trial court limited the testimony at the revocation hearing to the charge of violating condition (b). The trial judge made an oral finding that appellant had violated condition (b), but the written order of revocation recites a finding that he violated all three conditions. Since appellant did not admit the charged violations and there was no evidence that he committed the other two violations, the findings that appellant violated conditions (a) and (h) must be stricken from the order of revocation.
In addition, appellant was not awarded all of the credit time to which he was entitled. Although he was given some credit, he was not credited for the time he spent in the Hillsborough County Diagnostic and Treatment Center in 1972 as a condition of his probation. Appellant is entitled to such credit, Johnson v. State, 334 So.2d 334 (Fla.2d DCA 1976); his sentence must be corrected. Appellant need not be present for this purpose.
HOBSON, Acting C. J., and OTT and RYDER, JJ., concur.