SCHEB, Judge.
This is an appeal from the summary denial of a Florida Rule of Criminal Procedure 3.850 motion.
Though somewhat unclear, the thrust of appellant’s motion was that the trial court refused to give him credit for the time he spent in a live-in drug facility. He alleged that after he violated probation, the court ordered him to spend eighteen months in the Spectrum Drug Program, a twenty four hour live-in facility located in Miami. He further alleged that when he completed his eighteen months in the program, the court placed him on probation for a term of five years. Subsequently, the court revoked the *714 probation and sentenced him to four years in prison without giving him credit for the time he spent in the drug program.
In Sims v. State, 369 So.2d 431 (Fla.2d DCA 1979), a case remarkably similar to the present one, we stated that a court must award credit for any time during which a defendant is incarcerated as a condition of probation. Further, we defined incarceration as follows:
At the least we think that a defendant is incarcerated when he is confined in a governmental institution and his liberty is circumscribed to the extent that he is not free to leave without official permission.
369 So.2d at 432 n. 2. The appellant in Sims sought credit for time spent in the Florida Turning Point Ranch. As was the case there, we are unable here to determine from appellant’s motion whether the placement in the Spectrum Drug Program amounted to incarceration.
Accordingly, as we did in Sims, we reverse and remand for an evidentiary hearing at which the trial court must test the truth of appellant’s allegations and make a factual determination as to whether he was incarcerated and thus entitled to credit for that incarceration.
GRIMES, C. J., and RYDER, J., concur.