395 So.2d 1242 (1981)
Paul Elton TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. UU-133.
District Court of Appeal of Florida, First District.
March 25, 1981.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellant was on probation with adjudication withheld, a condition of probation being that he reside at the Men's Probationers Restitution Residence Center in Jacksonville. Probation was revoked for violation, *1243 after which Appellant was sentenced to three years in prison without credit for the time spent by Appellant in the restitution center. Appellant seeks review of the order denying his motion to correct sentence in this and another respect.
The court, finding that Appellant was free to leave the center every morning and to remain at liberty until he returned each night (after which he was required to be at the center during the night except by special authorization), held that this did not amount to Appellant being incarcerated, as the word "incarcerated" is defined in Sims v. State, 369 So.2d 431 (Fla. 2nd DCA 1979). While we feel that the restrictions placed upon Appellant would marginally meet the Sims definition of being "incarcerated", we decline to follow the Sims case (and similar decisions by the Second District Court of Appeal[1]) but rather prefer to align ourselves with the Fourth District Court of Appeal on this point as reflected by its decisions in Pennington v. State, 4th DCA, Case No. 78-1302, Opinion filed January 16, 1980,[2] and Levin v. State, 348 So.2d 1189 (Fla. 4th DCA 1977).
Credit for punishment already exacted is mandated by the Fifth Amendment to the U.S. Constitution[3] and by statute.[4] But as Justice England pointed out in Dorfman v. State, 351 So.2d 954 (Fla. 1977), there is an obvious difference between confinement in a prison as part of a criminal sentence and a period of treatment in a mental hospital for the purpose of helping the individual to return to society. Paraphrased, there is clearly an obvious difference between confinement in prison (or in the county jail before sentence) and the limited restrictions placed on one at the probation restitution center. And as Judge Downey pointed out in Pennington v. State, supra, the statute mandating credit "refers only to `credit for all of the time he spent in the county jail before sentence.'"
The other error asserted by Appellant is also without merit, and the order is, therefore,
AFFIRMED.
LARRY G. SMITH, and THOMPSON, JJ., concur.
NOTES
[1] Singleton v. State, 373 So.2d 713 (Fla. 2nd DCA 1979); Barron v. State, 369 So.2d 669 (Fla. 2nd DCA 1979); Graham v. State, 366 So.2d 498 (Fla. 2nd DCA 1979); Johnson v. State, 334 So.2d 334 (Fla. 2nd DCA 1979).
[2] On August 27, 1980, the Supreme Court entered an order accepting jurisdiction of this case and dispensing with oral argument, Case No. 58,648.
[3] See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[4] Section 921.161, Florida Statutes (1979).