NIMMONS, Judge.
Appellant claims that the trial court erred in failing to give him credit, pursuant to Section 921.161(1), Florida Statutes (1981),[1] for time which he had served prior to revocation of probation and sentencing. We reverse and remand.
As a condition of probation, appellant was required to “serve 364 days at the Jacksonville Work Release Center.” He contends that his entitlement to credit for *1089 that time is governed by this Court’s holding in Calhoun v. State, 403 So.2d 1082, 1084 (Fla. 1st DCA 1981), where we said:
We consider that the Jacksonville Community Correctional Center is an adjunct of the Duval County Jail and that appellant is entitled to credit for the time he was confined there.
Counsel asserts on appeal that the Jacksonville Work Release Center is the same facility or program as that to which we referred in Calhoun. However, the record is unclear as to whether that is the case. In fact, it would appear questionable to us that the two facilities are one and the same as it is doubtful that the circuit judge in Union County required the appellant to serve a period of time in “an adjunct of the Duval County Jail.”
Moreover, the record is virtually devoid of any evidence indicating whether the confinement required by the probation order was in a facility or program the purpose of which was structured rehabilitation and treatment or simply incarceration. As the court stated in Pennington v. State, 398 So.2d 815 (Fla.1981):
Halfway houses, rehabilitative centers, and state hospitals are not jails. Their purpose is structured rehabilitation and treatment, not incarceration.
See also Turner v. State, 395 So.2d 1242 (Fla. 1st DCA 1981), where this Court held that “residence” of a probationer at the “Men’s Probationers Restitution Center in Jacksonville” was not incarceration for purposes of entitlement to credit for time served under Section 921.161.
In the instant case, there is no evidence, as there was in Turner, indicating the milieu in which the appellant was confined or residing. Because of the factual criteria upon which the courts have relied in determining entitlement under Section 921.161 to time “served” in a facility other than a jail, we must remand to the trial court for reconsideration, after an eviden-tiary hearing, of the appellant’s entitlement to credit for the time spent at the subject facility in Jacksonville.
The trial court also refused to give appellant credit for the time which he spent in the Union County Jail while awaiting disposition of the probation violation charges. At the post-sentencing hearing (two weeks after revocation and sentencing) on the defendant’s motion to correct the sentence to allow credit for such jail time, the following colloquy occurred:
The Court: My intention by the 18 month sentence was a net 18 months. If I had the authority to do so, if you wish to have credit for any incarcerative time awaiting disposition while on probation, Mr. Replogle, it would be my intention to modify upward.
* ⅜ * # * *
Mr. Replogle: I guess on behalf of Mr. Sapp, I would ask the court to not modify the sentence, but to give credit for time served.
The court refused to do so. This was error. The defendant, by virtue of the provisions of Section 921.161(1), was entitled to credit against the sentence imposed for all time which he had served in the county jail. On remand, the trial court shall amend the sentence to show entitlement to credit for all county jail time. The court is precluded on remand from modifying the sentence upward. Cf. James v. State, — So.2d -(Fla. 1st DCA 1984) [9 FLW 193, January 27, 1984],
Reversed and Remanded for further proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ„ concur.

, Section 921.161(1) provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.