FRANK D. UPCHURCH, Jr., Judge.
Anderson’s probation was revoked for his failure to return to the Probation and Restitution Center in Duval County after being permitted to go to St. Augustine to seek employment. Anderson appeals from the order of revocation contending the court erred by failing to give him credit for time served at the probation center.
Section 921.161(1), Florida Statutes (1983) requires that a defendant be credited for time spent “[i]n the county jail before sentencing.” In Pennington v. State, 398 So.2d 815, 817 (Fla.1981), the supreme court refused to extend the “plain language” of section 921.161(1) to require sentence credit for probationary order restrictive conditions including time spent in “halfway houses, rehabilitative centers, and state hospitals.” The court explained that the purpose of these centers is structured rehabilitation and treatment, not incarceration.[1]
*1312 Pennington involved time spent in a drug rehabilitation center, but a First District case, Turner v. State, 395 So.2d 1242 (Fla. 1st DCA 1981), which came out just before Pennington and is consistent with that case is on point here. In Turner, the court held that a probationer who resided at the Men's Probationers Restitution Residence Center in Jacksonville was not entitled to credit for the time he spent there prior to his sentence to prison for probation violation. The court noted that the probationer was free to leave the Center every morning and remain at liberty until he returned each night and that the limited restrictions placed on him at the Center clearly differed from confinement in the county jail.
Here, Anderson has not shown that the Center is anything but a halfway house or rehabilitative center. Therefore, we affirm the conviction and sentence.
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.

. Pennington appears to reject Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979) wherein the Second District held that a defendant is entitled to credit for any time during which he is incarcerated as a condition of probation. The court *1312 stated that incarceration exists where the defendant is confined in a governmental institution and his liberty is circumscribed to the extent that he is not free to leave without official permission.