PER CURIAM.
Stephen Self petitions this court for a writ of certiorari to review an appellate decision of the circuit court in and for the Thirteenth Judicial Circuit. The question presented is whether a defendant facing a mandatory jail sentence may receive credit against that sentence for time served in a voluntary alcoholic rehabilitation program. We find that the circuit court was correct in disapproving such credit and deny the petition for certiorari.
Self was convicted in county court of driving under the influence of alcohol. Because the conviction was Self’s second within three years, the county court was required to sentence him to at least ten days in jail. § 316.193(4)(b), Fla.Stat. (1985). Prior to sentencing, Self had committed himself to a twenty-eight-day alcohol treatment program, and the court agreed to allow credit for this amount of time. On appeal, the circuit court held that treatment at an alcohol abuse facility is not “incarceration” as required by the statute.
The statute specifically provides that the court shall order imprisonment for repeat DUI offenders. This provision is mandatory and cannot be undercut by the trial court. Van Buren v. State, 500 So.2d 732 (Fla. 2d DCA 1987); State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983). While anyone sentenced to a term of imprisonment is entitled to “credit for all of the time he spent in the county jail before sentence,” section 921.161(1) Florida Statutes (1985), that provision, like section 316.193(4)(b), is limited to actual incarceration and has been held inapplicable to such institutions as drug rehabilitation centers, Pennington v. State, 398 So.2d 815 (Fla.1981), halfway houses, Anderson v. State, 449 So.2d 1311 (Fla. 5th DCA 1984), and probation and restitution centers, Turner v. State, 395 So.2d 1242 (Fla. 1st DCA 1981). Self attempts to distinguish Pennington, Anderson, and Turner as holding only that a court is not required to allow such credit. However, as did the supreme court in Pennington, we rely on the plain language of the statute. We, accordingly, hold that credit for time served in institutions other than jails or prisons is unauthorized under section 316.193(4)(b).
The petition for writ of certiorari is denied.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ„ concur.