619 So.2d 994 (1993)
Robert W. SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-3002.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Rehearing Denied July 13, 1993.
Robert W. Smith, in pro. per.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
Robert Smith appeals the order denying his petition to recalculate credit for time served while on probation, during which time he was required to deliver daily urine samples to a toxicology program at Jackson Memorial Hospital, attend structured treatment programs and alcoholics anonymous meetings, and enter and complete a Mentally Disordered Sex Offender Program.
While a defendant is entitled to "credit for all of the time he spent in the county jail before sentence," § 921.161(1), Fla. Stat. (1991), he will get no credit for time served in drug rehabilitation centers, halfway houses, and probation and restitution centers. Self v. State, 504 So.2d 810, 811 (Fla.2d DCA 1987) (and cases cited therein). A defendant will, however, be given credit for time served in any institution serving as the functional equivalent of a jail, where the detention "constitute[s] a coercive deprivation of liberty and implicate[s] significant constitutional rights." Tal-Mason v. State, 515 So.2d 738, 740 (Fla. 1987).
Here, Smith was placed on probation with special conditions amounting to nothing more than attending behavior modification classes and refraining from alcohol use. He was employed, and certainly not constrained in any manner amounting to a coercive deprivation of liberty. As he *995 was free to come and go as he pleased except for the special conditions of his probation, we affirm the order denying his petition to recalculate credit for time served.[1]
NOTES
[1] We note that various Florida courts have held that a defendant should receive credit for time spent while receiving treatment in the mentally disordered sex offender program run by the Department of Health and Rehabilitative Services (HRS). See, e.g., Fogelman v. State, 410 So.2d 564 (Fla. 4th DCA 1982); White v. State, 408 So.2d 786 (Fla. 2d DCA 1982); Abraham v. State, 382 So.2d 382 (Fla. 3d DCA 1980). However, this credit was pursuant to chapter 917, Florida Statutes, which was repealed by Laws 1985, chapter 85-62, § 71, effective July 30, 1985. See, e.g., § 917.014, Fla. Stat. (1985) ("[t]ime spent in the treatment programs of [HRS] shall be considered time served on the sentence imposed upon the offender by the court"). Since chapter 917 was no longer in effect on the date of Smith's sentencing, it is inapplicable.