PER CURIAM.
Robert Taylor Thomas initially received a sentence of five years probation in this case, with a special condition that Thomas serve 364 days in the county jail. The first six months were to be served in the “Day Reporting Program,” less any credit for time *353 served, and at the expiration of that time, the remainder of the 364 days was to be served on “house arrest.” Thomas was taken into custody on February 2, 1993, some eight months later, on an allegation of violation of probation; Thomas remained in custody until the trial judge revoked his probation on November 30, 1993. On that date, the court sentenced him to five years, but allowed credit for time served since February 2, 1993. Thomas argues that the trial court erred in refusing to give him credit for the time he served upon his initial arrest and as a special condition of probation. The state concedes there is no record of the nature of Thomas’ earlier detainment.
While a defendant is not entitled to credit for time spent on probation, a court is required to award credit for any time during which a defendant is incarcerated before sentence. Tal-Mason v. State, 515 So.2d 738 (Fla.1987); § 921.161, Fla.Stat. (1993). Incarceration, here, has been defined as a when defendant is confined in a governmental institution and his liberty is circumscribed to the functional equivalent of custody in the county jail. Fernandez v. State, 627 So.2d 1 (Fla. 3d DCA 1993), review denied, 639 So.2d 977 (Fla.1994); see Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980). Due to the inadequate nature of the record on this issue, we remand this case for an evidentiary hearing at which the trial court must test the truth of Thomas’ allegations and make a factual determination as to whether Thomas was incarcerated and was therefore entitled to time credit.
Accordingly, the order under review is reversed and the cause remanded.