677 So.2d 40 (1996)
Vincent WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2770.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
Rehearing and/or Rehearing Denied August 15, 1996.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and/or Rehearing En Banc Denied August 15, 1996.
STONE, Judge.
Appellant appeals the revocation of his probation and, in sentencing him, the trial court's failure to credit him with time served while participating in a drug program. The particular program at issue was a "drug farm" that appears to be in the nature of a "boot camp" operated by the sheriff. Appellant's revocation was based on his violating the program's rules. We affirm the revocation but remand for an evidentiary hearing on the credit question.
In being sentenced on revocation of probation, a probationer is entitled to credit for time served in county jail as a condition of the probation. § 921.161(1), Fla.Stat. (1995); Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980). The Florida Supreme Court has determined that the term "county jail" in the statute is not limited to an institution formally designated as a "jail"; a detainee must be credited with any time spent in an institution serving as the functional equivalent of jail. Tal-Mason v. State, 515 So.2d 738, 740 (Fla.1987) (holding defendant entitled to jail-time credit for coercive detention in mental institution). The court distinguished Pennington v. State, 398 So.2d 815, 817 (Fla.1981), in which it had approved this court's opinion affirming a trial court order denying credit for time served as a condition of probation in a live-in drug *41 rehabilitation program, recognizing that probationary conditions of this nature generally do not constitute a coercive deprivation of liberty. 515 So.2d at 739. See Smith v. State, 619 So.2d 994 (Fla. 3d DCA 1993) (no credit for drug program which did not amount to coercive deprivation of liberty). But see Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994) (drug farm program treated as term of imprisonment for purpose of determining legality of sentence).
Although the record on appeal contains very little information about the drug farm program, not only is it operated by the sheriff, but the record suggests that the participants may be more closely confined than those in more traditional independent live-in drug programs. For example, Appellant was not released to the "street" upon violation of the program rules, but was placed directly into sheriff's confinement. However, we are unable to determine from this record whether or not Appellant's service in this drug farm sheriff's facility was sufficiently restrictive to be deemed the equivalent of incarceration. Therefore, we reverse for an evidentiary hearing on that issue, on the basis of which the trial court is to determine again whether Appellant is entitled to credit for such service against the sentence imposed. See Singleton v. State, 373 So.2d 713 (Fla. 2d DCA 1979); Sims, 369 So.2d at 432. In all other respects, the judgment and sentence are affirmed.
GLICKSTEIN and GROSS, JJ., concur.