689 So.2d 1095 (1997)
Robert McCARTHY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1659.
District Court of Appeal of Florida, Fifth District.
January 31, 1997.
Order Denying Rehearing March 21, 1997.
Steven G. Mason, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Robert McCarthy appeals a judgment and sentence which required that he serve time in the Department of Corrections followed by probation. He argues the trial court erred when it did not credit him with time served on home confinement or electronic surveillance. We affirm.
McCarthy entered a plea of nolo contendere to attempted sexual battery in exchange for a negotiated sentence which required him to serve three and one-half years in the Department of Corrections followed by twenty years probation. At the time of sentencing, McCarthy argued that he should be given credit for 159 days he served on home confinement pretrial. Defendants placed on home confinement are allowed to leave their homes for work, school or other activities permitted by their surveillance supervisors. McCarthy argues that this is equivalent to incarceration in the county jail.
Section 921.161(1), Florida Statutes (1995), provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. *1096 The credit must be for a specified period of time and shall be provided for in the sentence. (emphasis supplied.)
The Florida Supreme Court in Pennington v. State, 398 So.2d 815 (Fla.1981), refused to extend the meaning of the statute to include time spent in a rehabilitative center while on probation. Halfway houses, rehabilitative centers, and state hospitals, the court stated, are not jails. It opined that the statute meant what it said, that credit would be given only for time spent in the county jail, and declined to extend the statute. The supreme court did, however, allow an exception to the rule promulgated in Pennington. In Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), the supreme court held that credit must be given for time spent committed to a state hospital for incompetence to stand trial. The court ruled that the "coercive commitment to a state institution was indistinguishable from pretrial detention in a `jail,' as that term is understood in common and legal usage." Id. at 739. Compare Roberts v. State, 622 So.2d 628 (Fla. 1st DCA 1993) (holding that defendant was not entitled to credit for time spent in a private psychiatric hospital because the confinement was not coercive or involuntary), rev. denied, 634 So.2d 626 (Fla. 1994). Incarceration has been defined confinement in a governmental institution such that a defendant's liberty is circumscribed to the functional equivalent of custody in the county jail. Thomas v. State, 644 So.2d 352 (Fla. 3d DCA 1994), citing Fernandez v. State, 627 So.2d 1 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 977 (Fla.1994). A house arrest program in which the defendant wears an electronic bracelet used for monitoring his whereabouts, and checks with a supervisor daily by telephone and weekly in person, imposes restraints on the defendant's liberty prior to trial, but the conditions do not impose on the defendant restraints which are so onerous as to be equivalent to incarceration in the county jail or the forensic ward of a mental hospital. Fernandez.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.

ON MOTIONS FOR REHEARING, CLARIFICATION OR CERTIFICATION
PER CURIAM.
Robert McCarthy appealed the refusal of the trial court to credit against his sentence the time he served on home confinement with electronic surveillance. We affirmed the trial court. See McCarthy v. State, 1997 WL 34653, 689 So.2d 1095 (Fla. 5th DCA 1997). McCarthy has now moved for rehearing, clarification or certification. He contends that instead of deciding the issue which was before this court on appeal, i.e. whether the trial court was required to grant him credit for time spent on home confinement, we instead ruled that the court could not grant him such credit. He asserts that the trial courts in Orange County have assumed that they have the discretion to grant credit for such home confinement and routinely do so. He is concerned that unless we clarify our opinion or certify the issue, the judges in Orange Countyand other counties which have implemented alternative jail sanctions pursuant to section 951.24, Florida Statuteswill be in doubt as to their authority to exercise their discretion to allow such credit.
We adhere to our original opinion. We find no authority in section 951.24 which would permit the county to provide an incarceration alternative which does not require lodging in a county facility. Although such section permits the county commissioners, with the consent of the sheriff, to set up a work release program, there are further requirements:
(2)(a) Whenever punishment by imprisonment in the county jail is prescribed, the sentencing court, in its discretion, may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility during necessary and reasonable hours, subject to the rules and regulations prescribed by the court, to work at paid employment, conduct his own business or profession, or participate in an educational or vocational training program, while continuing as an inmate of the county facility in which he shall be confined except during *1097 the period of his authorized release. (Emphasis added.)
When we read this provision in conjunction with section 951.24(3)(d) which authorizes the county commission, upon the recommendation of the sheriff, to "authorize the person in charge of a county stockade or work camp to implement paragraphs (a), (b), and (c) [the procedure for collecting the prisoner's wages and paying certain costs], when such facility is not directly under the sheriff," we do not believe that the legislature has authorized a "work release" program which permits "incarceration," under any circumstances, in the prisoner's home.
If the trial judge wishes to credit the prisoner with the time spent on house arrest, such judge should merely reduce the time that he or she would otherwise impose and sentence accordingly. There is simply no statutory authority for "crediting" such time.
With this clarifying explanation, the motions are denied.
DENIED.
DAUKSCH, HARRIS and THOMPSON, JJ., concur.