754 So.2d 128 (2000)
Aaron Lee YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4027.
District Court of Appeal of Florida, Second District.
March 22, 2000.
*129 PER CURIAM.
Aaron Lee Young appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Young alleges that the court records reflect on their face that he did not receive credit for six months that he spent incarcerated in the Hillsborough County jail participating in an in-house drug treatment program. The trial court denied the claim, stating that Young was not entitled to credit for time spent in an inpatient drug treatment facility. The trial court did not address or attempt to refute Young's claim that he was incarcerated in the county jail for the length of the drug treatment program, and, in fact, the records attached by the trial court support Young's claim. A case progress log shows that Young was ordered to enter and complete the in-house jail drug treatment program and that his residency was to be at the Hillsborough County jail for six months. The log also reveals that the court issued a commitment order.
While the trial court is correct that a defendant is generally not entitled to credit for time spent in a live-in drug treatment program, see Pennington v. State, 398 So.2d 815 (Fla.1981) a different result is compelled by the plain language of section 921.161, Florida Statutes (1999), when the defendant is incarcerated in the county jail and participating in a jail drug treatment program. Because the trial court's order failed to address Young's claim that he was incarcerated while completing the drug treatment program and the attached records do not refute it,[1] we reverse and remand for further proceedings.
On remand, the trial court shall determine whether the court records[2] demonstrate that Young was actually incarcerated in the county jail while completing the jail's drug treatment program. If such a determination requires an evidentiary hearing and cannot be made from the face of the records, the trial court may again deny Young relief. See State v. Mancino, 714 So.2d 429 (Fla.1998). Ordinarily, such a denial would have to be without prejudice to Young seeking relief pursuant to rule 3.850. However, in this case it appears that the time has elapsed for Young to file a motion pursuant to that rule.
Reversed and remanded.
FULMER, A.C.J., and GREEN and DAVIS, JJ.,
NOTES
[1] The State Credit Time Log with the notation "stip. credit 55 days" and no information regarding the dates that Young was in the county jail does not conclusively refute his allegation.
[2] The trial court may consider jail records in making this determination. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999).