765 So.2d 89 (2000)
Michael WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1569.
District Court of Appeal of Florida, First District.
May 10, 2000.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Laura Fullerton, Assistant Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Michael Williamson appeals the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the denial and remand for a determination on the merits.
Williamson was sentenced in 1998 pursuant to a plea agreement to 41 months incarceration for the offenses of burglary of a dwelling and grand theft, with 380 days credit for time served. In his rule 3.850 motion, Williamson alleges his trial counsel was ineffective for failing to ensure he received the proper jail credit. Williamson sets out several specific periods of time for which he alleges he was entitled to jail credit that he did not receive. The trial court denied Williamson's claim on the basis that his claim was improperly pleaded and not subject to a rule 3.850 challenge. The trial court also ruled that appellant had been awarded all jail credit to which he was entitled, but did not attach any supporting documentation.
Although Williamson drafted his motion in the form of an ineffective assistance *90 of counsel claim for failure to ensure he received the proper jail credit,[1] his motion sets forth a prima facie case of an illegal sentence which must be either corrected or refuted. Williamson was correctly denied jail credit for the majority of the time he sets forth in his motion. He is not entitled to credit for time spent on house arrest nor in a drug rehabilitation program. See, e.g., Pennington v. State, 398 So.2d 815, 817 (Fla.1981); Shmuel v. State, 691 So.2d 1149, 1150 (Fla. 3d DCA 1997). Nevertheless, we are unable to determine from the record before us whether, as Williamson maintains, he may be entitled to additional credit for time spent awaiting sentencing after being arrested for violation of probation. Further, although Williamson has previously been awarded additional jail credit, it is not clear from the record for which time periods he was reevaluated. This court has held a defendant is not prohibited from filing separate motions claiming an entitlement to jail credit for different specific periods of time. See Jenkins v. State, 749 So.2d 527 (Fla. 1st DCA 1999).
A jail credit error may be corrected pursuant to rule 3.800(a) or rule 3.850. See State v. Mancino, 714 So.2d 429, 431-432 (Fla.1998). Therefore, the trial court's order is reversed and the cause is remanded for an evidentiary hearing or attachment of documentation from the record which conclusively refutes Williamson's claim that he is entitled to additional jail credit.
ERVIN, VAN NORTWICK AND BROWNING, JJ., CONCUR.
NOTES
[1] As a claim for ineffective assistance of counsel, Williamson's motion is defective. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Williamson must allege that specific acts or omissions of counsel constituted a deficient performance and that, but for such deficient performance, the outcome of the case would have been different. Williamson fails to allege specifically how counsel's performance was deficient and that counsel's deficiency resulted in the trial court's failure to award him the jail credit to which he claims he is entitled.