761 So.2d 485 (2000)
Wilbur Allen MYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-885.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
*486 Wilbur Allen Myers, Raiford, pro se.
No Appearance for Appellee.
W. SHARP, J.
Myers appeals from the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleged his criminal offense was committed on June 5, 1997, and he was sentenced under the 1995 amendment to the guidelines, which the Florida Supreme Court has held violated the single-subject rule. See Heggs v. State, 759 So.2d 620 (Fla.2000). He also argues his sentence is illegal because the trial court failed to award him credit for time served on house arrest. We affirm.
With regard to the Heggs' argument, the district courts had ruled that the window period during which the 1995 guidelines were unconstitutional began on October 1, 1995, and closed either on October 1, 1996,[1] or on May 24, 1997.[2] The Florida Supreme Court has resolved the conflict, holding that window period closed on May 24, 1997.[3] Thus, the date Myers allegedly committed his criminal offense falls outside the window period and the constitutional infirmity was cured by that date.
We have also held that a criminal defendant is not entitled to credit for time served on house arrest. See McCarthy v. State, 689 So.2d 1095 (Fla. 5th DCA 1997). Although the requirements that a defendant on house arrest wear an electronic bracelet, check daily with a supervisor by telephone and once a week in person, are onerous, they are not equivalent to incarceration in jail. Myers acknowledges he was allowed to go to work and to school while on house arrest. Clearly he enjoyed liberties far greater than prison inmates. Further, there is no statutory basis which permits awarding credit for time served on house arrest.
AFFIRMED.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999).
[2] Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000); Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998).
[3] Trapp v. State, 760 So.2d 924 (Fla.2000).