PER CURIAM.
David W. Clinesmith appeals the summary denial of his motion for additional jail credit brought pursuant to Florida Rule of Criminal Procedure 3.800(a) Cli-nesmith alleged that the court and jail records show on their face that he was incarcerated from October 13, 1998, until his sentencing on May 25, 1999, yet he only received jail credit for seventy-eight days. The trial court denied the motion, finding the court records showed that Cli-nesmith was only incarcerated from April 14, 1999, until May 25, 1999. The records attached by the trial court do not, however, support this conclusion. We, therefore, reverse and remand. See McPherson v. State, 750 So.2d 125 (Fla. 2d DCA 2000).
On remand, the trial court shall consider the relevant court and jail records in order to determine whether Clinesmith is entitled to relief. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999) (holding that jail records can properly be considered in determining jail credit issues raised pursuant to rule 3.800(a)). If the trial court again finds that Clinesmith was only in jail for seventy-eight days, it shall attach those portions of the record which conclusively demonstrate this. If, on the other hand, the court concludes that the motion cannot be decided on the face of the record but requires an evidentiary hearing, it may deny the motion but that denial shall be without prejudice to Clinesmith filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Young v. State, 754 So.2d 128 (Fla. 2d DCA 2000).
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA and GREEN, JJ., Concur.