774 So.2d 899 (2001)
John J. LEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-922.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
*900 Craig A. Boudreau, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, John J. Leach, pled guilty to felony driving under the influence and felony driving while his license was suspended. The lowest permissible prison sentence computed on appellant's guidelines scoresheet was 20.025 months. Leach was sentenced to twenty months in the Department of Corrections on the first count. On the second count Leach was sentenced to five years probation including completion of the long term Sheriffs Drug Farm program, as a special condition of probation. The probation period was to run consecutively to the prison sentence. Through his counsel, Leach filed a Motion to Correct Illegal Sentence in which he asserted that his sentence violated section 922.051, Florida Statute (1999), because the total of his cumulative sentence exceeds one year. The trial court denied the motion without a hearing and Leach timely filed this appeal.
Leach argues on appeal that the trial court should have held a hearing to determine whether the special condition of probation, completing the Sheriff's Drug Farm program, was considered incarceration in the county jail. If it was, his sentence violates section 922.051, Florida Statutes (1999). That section provides:
Imprisonment in county jail, term of 1 year or less
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than 1 year.
Under this statute, if Leach's sentence to the drug farm is considered incarceration, Leach's total cumulative sentence of twenty-nine months exceeds the one year limit. See Fleming v. State, 637 So.2d 945 (Fla. 5th DCA 1994).
As there is no evidence in the record below from which to determine whether the sentence to the drug farm is sufficiently restrictive to be deemed the equivalent of incarceration, we reverse and remand for an evidentiary hearing to make that determination. See, e.g., Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996). See also Kamerman v. State 765 So.2d 63 (Fla. 4th DCA 2000); Rasik v. State, 717 So.2d 618 (Fla. 4th DCA 1998).
REVERSE AND REMAND FOR EVIDENTIARY HEARING.
AFFIRMED.
STONE, SHAHOOD and HAZOURI, JJ., concur.