788 So.2d 1063 (2001)
Cynthia LICATA, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 4D99-4336, 4D99-4366.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Rehearing Denied July 30, 2001.
William S. Abramson, West Palm Beach, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, Assistant Attorney General, Fort Lauderdale, for appellee/cross-appellant.

ON MOTION FOR REHEARING
GROSS, J.
We grant the state's motion for rehearing on the cross-appeal.
Appellant was convicted after a jury trial of aggravated battery with a deadly weapon, a baseball bat. The sentencing guidelines scoresheet reflected a "lowest permissible prison sentence" of 34.8 months. The trial judge sentenced appellant to three years imprisonment, followed by two years probation. The court ordered 217 days credit for time served, which included 144 days spent on pre-trial house arrest.
Section 921.161(1), Florida Statutes (2000), sets out the scope of the credit against a prison sentence to which a defendant is entitled. That section provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
(Emphasis supplied).
In McCarthy v. State, 689 So.2d 1095, 1097 (Fla. 5th DCA 1997), the fifth district held that there was no statutory authority for "crediting" time spent on house arrest against a prison sentence. The defendant in McCarthy argued that he should be given credit for 159 days served on pretrial "home confinement," arguing that it was the equivalent of incarceration in county jail. Affirming the trial court's decision to deny such credit, the fifth district wrote that:
[i]ncarceration has been defined confinement in a governmental institution such that a defendant's liberty is circumscribed to the functional equivalent of custody in the county jail. A house arrest program in which the defendant *1064 wears an electronic bracelet used for monitoring his whereabouts, and checks with a supervisor daily by telephone and weekly in person, imposes restraints on the defendant's liberty prior to trial, but the conditions do not impose on the defendant restraints which are so onerous as to be equivalent to incarceration in the county jail or the forensic ward of a mental hospital.
689 So.2d at 1096 (citations omitted). See Myers v. State, 761 So.2d 485 (Fla. 5th DCA 2000) (noting that there is no statutory basis permitting credit for time served on house arrest and that house arrest is not the equivalent to incarceration in jail); Fernandez v. State, 627 So.2d 1 (Fla. 3d DCA 1993) (holding defendant not entitled to credit for time served on pretrial house arrest).
We reverse the sentence and remand for a new sentencing hearing. The trial judge may have computed the length of the original sentence believing that the full 217 day credit was appropriate. For any new sentence, appellant shall be entitled to credit for only the 73 days she actually spent in jail before sentence.
FARMER and STEVENSON, JJ., concur.