STRINGER, Judge.
Tyrone Ford timely appeals the order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings because the trial court failed to attach to its order the record documents that would conclusively refute his claim.
Ford filed a motion seeking jail credit in three felony eases; two of these cases are from the year 2000 and one of these cases is from the year 1999. In his motion, Ford sought sixty-six days of additional jail credit for time spent incarcerated from February 11, 2001, to the date of his sentencing, April 18, 2001. In his motion, Ford asserts that he received only twenty-one days’ jail credit in these cases.
The trial court’s order denied Ford relief, indicating that he received 201 days’ jail credit on these cases and that this credit included the dates mentioned by Ford. The court attached to its order a Polk County booking sheet and the sheriffs certificate for the 1999 case. The sheriffs certificate indicates that Ford was to receive 201 days’ jail credit in his 1999 case. This court notes that the total amount of jail credit authorized by the sheriffs certificate attached to the trial court’s order does not match the dates indicated on that certificate for Ford’s pri- or incarceration. It appears from the face of that certificate that Ford may be entitled to 220 days’ jail credit in the 1999 case. Moreover, the court failed to attach to its order the judgment and sentences for these three cases or the sheriffs certificates for the two 2000 cases. Therefore, it is impossible for this court to determine from the present appellate record if Ford was properly credited for jail time in any of these three cases.
Accordingly, we reverse the trial court’s order and remand for further proceedings. If the trial court should again deny Ford’s claims, it must attach those portions of the record that conclusively refute his claims. See Clinesmith v. State, 775 So.2d 399 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.