805 So.2d 73 (2002)
Brenda COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4069.
District Court of Appeal of Florida, Fourth District.
January 16, 2002.
Brenda Collins, Florida City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Brenda Collins appeals two trial court orders denying her motions to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which she claimed entitlement to 35 days of jail credit. A claim seeking jail credit is cognizable in a rule 3.800(a) motion. State v. Swyck, 716 So.2d 767 (Fla.1998).
*74 Here, the trial court order denying relief in both cases failed to attach supporting portions of the record refuting appellant's claims. This is reversible error. Ford v. State, 801 So.2d 233 (Fla. 2d DCA 2001); Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001); Speer v. State, 734 So.2d 454 (Fla. 4th DCA 1999). The State has attempted to remedy this error by submitting record attachments along with its response to this court's order to show cause, but this does not cure the defect in the trial court's orders of summary denial. Saunders v. State, 661 So.2d 134 (Fla. 4th DCA 1995); Foley v. State, 657 So.2d 929 (Fla. 4th DCA 1995).
Accordingly, we reverse and remand for the trial court to refute appellant's claims with appropriate record attachments or to award credit if appropriate.
GUNTHER, KLEIN and STEVENSON, JJ., concur.