861 So.2d 1234 (2003)
Kevin O'NEILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2312.
District Court of Appeal of Florida, Second District.
December 12, 2003.
PER CURIAM.
Kevin O'Neill appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he claimed that the trial court erred by awarding him only 203 days of jail credit. We reverse and remand for further consideration.
O'Neill alleged that he is entitled to 312 days of credit which he calculated by adding 92 days served at a restitution center and 220 days served in the county jail. In its order denying O'Neill's motion, the trial court correctly concluded that O'Neill is not entitled to credit for the 92 days he served in a restitution center. See Self v. State, 504 So.2d 810 (Fla. 2d DCA 1987); Turner v. State, 395 So.2d 1242 (Fla. 1st DCA 1981). However, the trial court failed to address O'Neill's claim that he served 220 days in the county jail. Therefore, we reverse and remand for the trial court to reconsider O'Neill's claim for jail credit. See Crawford v. State, 823 So.2d 832 (Fla. 2d DCA 2002). If the trial court determines that summary denial is proper, it must set forth its rationale and attach any relevant portions of the record that refute O'Neill's claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER, DAVIS, and WALLACE, JJ., Concur.