Mr. David Wagner Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602-2877
Dear Mr. Wagner:
You ask substantially the following questions:
1. May a charter county enact an ordinance to extend the limits of confinement beyond those enumerated in section 951.24, Florida Statutes, to allow a county prisoner to participate in a drug or alcohol abuse treatment program in which the inmate is not confined to the county jail?
2. May the county ordinance extend the limits of confinement to the county's work-release facility for pre-trial defendants who are detained at the jail?
3. May the county set aside beds in the county work-release program for pre-trial defendants?
Since your questions are interrelated, they will be answered together.
You state that Alachua County has oversight of a work-release program housed in a 60-bed facility located in a separate building from the county jail. The sheriff operates the county jail through an interlocal agreement with the county commission that also makes the sheriff responsible for providing meals and medical care to the inmates housed in the work-release facility. The county has used the work-release program as a means to allow inmates to receive drug abuse treatment at remote facilities and to allow pre-trial defendants to remain employed while awaiting resolution of their cases. The sheriff has taken the position that the use of the work-release program for such purposes exceeds the statutory authority in section 951.24, Florida Statutes, and that only judicial orders complying with the purposes enumerated in that section should be followed.
Section 951.24, Florida Statutes, authorizes the board of county commissioners of any county, with the concurrence of the sheriff of the county, to have a work-release program for county prisoners.[1]
The statute prescribes the manner in which such a work-release program will be implemented as follows:
"(2)(a) Whenever punishment by imprisonment in the county jail is prescribed, the sentencing court, in its discretion, may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility during necessary and reasonable hours, subject to the rules and regulations prescribed by the court, to work at paid employment, conduct his or her own business or profession, or participate in an educational or vocational training program, while continuingas an inmate of the county facility in which he or she shall beconfined except during the period of his or her authorizedrelease. (b) Any prisoner, at the time of sentencing or thereafter, may request the court in writing for the privilege of being placed on the work-release program. The Department of Corrections, upon the request of the court, is authorized to conduct such investigations as are necessary and to make recommendations to the court pertaining to the suitability of the plan for the prisoner and to supervise such prisoner if released under this program. Such a release may be granted by the court with the advice and consent of the sheriff and upon agreement by the prisoner. The court may withdraw the privilege at any time, with or without notice. (c) No person convicted of sexual battery pursuant to s. 794.011 is eligible for any work-release program or any other extension of the limits of confinement under this section." (e.s.)
Thus, the statute prescribes the manner in which a county may implement a work-release program and sets forth the limitations on an inmate's participation in such a program. The plain language of the statute grants to the trial court discretion to allow extended limits of confinement "any time during the sentence." Moreover, such a privilege allows an inmate to leave the confines of the county jail to work at paid employment, conduct his or her own business or profession, or participate in an educational or vocational training program. It is well settled that where the Legislature has statutorily prescribed the manner in which something is to be accomplished, it in effect operates as a prohibition against its being done in any other manner.[2]
Whether extended limits of confinement may be used under circumstances other than those prescribed in the statute has been addressed by the courts of this state. In McCarthy v. State,[3] the defendant had been placed on pretrial home confinement with electronic surveillance. McCarthy argued that he should be credited with the time he had served on home confinement since it was equivalent to incarceration in the county jail. The court rejected McCarthy's argument, finding no authority in section951.24, Florida Statutes, to permit a county to provide an incarceration alternative that does not require lodging in a county facility. The court emphasized the same statutory requirement noted above that the privilege of leaving the jail or county facility is conditioned on a prisoner's continued confinement in the county facility, except for those periods of authorized release.[4]
Accordingly, it is my opinion that the county may not enact an ordinance to use the extended limits of confinement provisions of section 951.24, Florida Statutes, to allow inmates to participate in drug or alcohol abuse treatment programs in which participants do not continue to be confined at the county facility, nor may the privileges of such a program be extended to pretrial detainees by such an ordinance.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 951.24(1), Fla. Stat.
[2] See Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (where Legislature prescribes the mode, that mode must be observed).
[3] 689 So.2d 1095 (Fla. 5th DCA 1997).
[4] 689 So.2d at 1096.