898 So.2d 172 (2005)
Charles HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3044.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Charles Hamilton, Madison, pro se.
No appearance required for appellee.
PER CURIAM.
Charles Hamilton appeals an order of the trial court denying without prejudice his Florida Rule of Criminal Procedure 3.850 motion. Hamilton's motion sought additional jail credit, on a sentence imposed following revocation of probation, for time spent in the Turning Point drug program. Completion of the drug program was a condition of Hamilton's probation, and Hamilton's failure to successfully complete the program was the basis for revocation.
Hamilton's motion conclusorily alleged that Turning Point was equivalent to formal incarceration. Hamilton claimed that Turning Point had "been determined *173 to be equivalent to a jail-type setting." Hamilton cites no authority, and we have found nothing that supports this assertion. In fact, this court has repeatedly refused to make such a finding. See Smith v. State, 849 So.2d 409 (Fla. 4th DCA 2003). Nonetheless, this court has on several occasions remanded to allow a defendant to present evidence that the conditions of such a drug treatment program equate to jail-like confinement. In cases where the defendant has made a conclusory allegation of jail-like conditions, we have directed trial courts to allow amendments to state the case with more specifics.[1]
Rule 3.850(c)(6) requires the movant to give a brief statement of the facts (and other conditions) relied on in support of the motion. A bald claim that Turning Point equals incarceration in jail fails to satisfy the requirement of the rule. A movant is not entitled to an evidentiary hearing under rule 3.850 where the claim is facially insufficient. See State v. Williams, 797 So.2d 1235, 1237-38 (Fla.2001); Fla. R.Crim. P. 3.850(d). The trial court denied Hamilton's motion without prejudice for Hamilton to set forth specific facts which demonstrate how his treatment at Turning Point resulted in a loss of liberty equal to that of formal incarceration.
Because the trial court followed the procedure we have approved in our prior decisions, we affirm.
KLEIN and STEVENSON, JJ., concur.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
I agree we should affirm the trial court's denial without prejudice to plead with more specificity appellant's claim for credit for time served in the Turning Point. Precedent from this court such as Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996), mandates this result. I write separately, however, to suggest this line of cases may be at odds with the supreme court's pronouncements in Tal-Mason v. State, 515 So.2d 738 (Fla.1987), or at the least, puts us in conflict with the second district's en banc decision in Toney v. State, 817 So.2d 924 (Fla. 2d DCA 2002). These cases suggest that a probationer such as Hamilton who is in a privately run drug rehabilitation program such as the Turning Point[2] would not be entitled to credit for time served as a matter of law.
In Toney, the second district receded from a long line of its own precedent that held that jail credit must be awarded for probationary, residential drug treatment if the conditions at the facility are the functional equivalent of incarceration. 817 So.2d at 926; accord Molina v. State, 867 So.2d 645 (Fla. 3d DCA 2004).
The Supreme Court of Florida has expressly ruled that probationary drug treatment is rehabilitative, non-coercive, and does not qualify as coercive, preconviction detention for which credit must be awarded under the jail credit statute, section 921.161(1), Florida Statutes. Pennington v. State, 398 So.2d 815, 816 (Fla.1981); *174 Tal-Mason v. State, 515 So.2d 738, 739 (Fla.1987).
In Whitehead, this court appears to have misinterpreted Tal-Mason and determined that jail credit for time a defendant spent in a drug treatment facility while on probation must be awarded if the defendant could show that the conditions at the facility were the functional equivalent of jail. In Tal-Mason, the supreme court required that credit be awarded because the defendant was involuntarily confined before trial in state mental hospitals. No functional difference existed between the involuntary confinement in the mental hospitals and confinement in jail before trial.
Voluntary participation in a drug program as a condition of probation cannot be equivalent to the coercive, pretrial confinement described in Tal-Mason. As the supreme court explicitly held in Pennington,"[A] trial court, when imposing sentence after probation revocation, is not required to credit a defendant with time served at a drug rehabilitation center where such was a condition of probation." 398 So.2d at 816. As clarified by Tal-Mason, participation in probation is voluntary and not coercive unlike pretrial detention in jail or in a mental hospital.
Probationary drug treatment is not equivalent to time "spent in the county jail before sentence." § 921.161(1), Fla. Stat. (2001). "Halfway houses, rehabilitative centers, and state hospitals are not jails. Their purpose is structured rehabilitation and treatment, not incarceration." Pennington, 398 So.2d at 817.
Of course, credit must be awarded for time spent in an in-house drug treatment program that was part of defendant's confinement in jail before trial, after conviction, or in state prison. Young v. State, 754 So.2d 128 (Fla. 2d DCA 2000).
The first district has followed Pennington and refused to allow credit for time spent in drug rehab. Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981); Williamson v. State, 765 So.2d 89 (Fla. 1st DCA 2000). The third district has held this consistently. Smith v. State, 619 So.2d 994 (Fla. 3d DCA 1993); Taylor v. State, 726 So.2d 348 (Fla. 3d DCA 1999). The fifth district also appears to have correctly applied the supreme court's precedent. Nowell v. State, 742 So.2d 345 (Fla. 5th DCA 1999). But see Columbro v. State, 777 So.2d 1208 (Fla. 5th DCA 2001) (requiring credit where defendant was under court order to be in a drug program before sentencing).
Had Hamilton's motion for credit been denied on the merits, I would urge this court to recede from Whitehead and all prior decisions of this court that suggested jail credit may be awarded for time spent in a residential drug treatment facility as a condition of probation. Because that issue is not squarely before us today, I join the majority in affirming.
NOTES
[1] Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996); Cregan v. State, 884 So.2d 127 (Fla. 4th DCA 2004); Johnson v. State, 830 So.2d 194 (Fla. 4th DCA 2002); Phillips v. State, 816 So.2d 1154 (Fla. 4th DCA 2002); Leach v. State, 774 So.2d 899, 900 (Fla. 4th DCA 2001); Kamerman v. State, 765 So.2d 63 (Fla. 4th DCA 2000); Rasik v. State, 717 So.2d 618 (Fla. 4th DCA 1998); Williams v. State, 699 So.2d 845 (Fla. 4th DCA 1997).
[2] I think an argument could be made that a program like the Palm Beach County Sheriff's Drug Farm, depending on the evidence presented, might qualify for credit. Certainly, any drug program for inmates who are in jail or imprisoned with the D.O.C. would qualify.