PER CURIAM.
We reverse the order denying appellant’s Florida Rule of Criminal Procedure 3.800(a) motion. Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). The trial court failed to attach records conclusively refuting appellant’s legally sufficient claim of entitlement to additional jail credit. Collins v. State, 805 So.2d 73 (Fla. 4th DCA 2002).
While the State has responded to this court’s order to show cause and provided this court with a plea agreement that appears to show a waiver of entitlement to additional jail credit, this document was not attached to the trial court’s order below. Pursuant to this court’s caselaw, the State may not provide the records necessary to refute a claim for the first time on appeal. Id. at 74; see also Hastings v. State, 670 So.2d 1176 (Fla. 4th DCA 1996).
Appellant is cautioned that, should his claim be denied on remand, he may appeal only if he has a good faith basis for doing so. He is subject to sanctions should he initiate a frivolous appeal. See State v. Spencer, 751 So.2d 47 (Fla.1999); §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2011).
WARNER, HAZOURI and LEVINE, JJ., concur.