DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.M.,** the mother,
Appellant,

v.

**K.B.,** the father,
Appellee.

No. 4D2023-2158

[March 13, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 50-2022-DP-000346-XXXX-MB.

Angela E. Gerlach of Gerlach Law, PLLC, Fort Lauderdale, for appellant.

Jessica L. Underwood and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellee.

DAMOORGIAN, J.

K.M. ("the mother") appeals the trial court's order dismissing her private petition for termination of parental rights against K.B. ("the father"). The mother's petition was based on section 39.806(1)(d), Florida Statutes (2023), which allows termination of parental rights under certain conditions when the parent is incarcerated. In dismissing the petition, the trial court concluded the father's placement on home confinement did not constitute "incarceration." We affirm the dismissal order in all respects and write only to address why we reject the mother's argument that home confinement constitutes incarceration for purposes of termination of parental rights proceedings.

By way of background, the father was convicted on federal healthcare fraud charges and sentenced to 72 months in federal prison. The mother filed a private petition to terminate the father's parental rights based on his incarceration. While the petition was pending, the father was released from federal prison and placed on federal home confinement for the remainder of his sentence. The mother thereafter filed a motion asking the trial court to determine whether the father's placement on home

confinement qualified as "incarceration" for purposes of section 39.806(1)(d).

At the ensuing hearing, the father testified as to his home confinement terms. In relevant part, the father testified that, while on home confinement, he is permitted, with prior approval, to do the following: take the child to and from school and the mother's house; take the child to doctor appointments and extracurricular activities; have the child over to his home; and go to the grocery store. The father also testified that he was permitted to take the child to the hospital in an emergency without first seeking prior approval. Based on this testimony, the father argued he was completely available to parent the child and therefore was not "incarcerated" within the meaning of section 39.806(1)(d). Following the hearing, the trial court concluded the father was not "incarcerated" as it relates to section 39.806(1)(d) and dismissed the mother's petition. In so doing, the court referenced the father's otherwise unrebutted testimony and concluded the home confinement terms permitted the father to "act as a parent for the child."

On appeal, the mother argues the father's placement on home confinement as part of his federal prison sentence constitutes incarceration for purposes of section 39.806(1)(d). In support thereof, the mother relies on Black's Law Dictionary which broadly defines incarceration as "[t]he act or process of confining someone." *Incarceration*, BLACK'S LAW DICTIONARY (11th ed. 2019). Based on this definition, the mother argues the father is "incarcerated" as he is confined to his home.

The father counters that, in looking at the plain and ordinary meaning of "incarceration" and section 39.806(1)(d)'s legislative intent, his placement on home confinement does not constitute "incarceration." The father further argues that several district courts, including this court, have clearly held that house arrest or home confinement is not equivalent to incarceration.

Sections 39.806(1)(d)1. and 3. state that termination of parental rights is appropriate when the parent is incarcerated and either:

> 1. The period of time for which the parent is expected to be incarcerated will constitute a significant portion of the child's minority. When determining whether the period of time is significant, the court shall consider the child's age and the child's need for a permanent and stable home. The period of time begins on the date that the parent enters into incarceration;

. . . .

3.  The court determines by clear and convincing evidence that continuing the parental relationship with the incarcerated parent would be harmful to the child and, for this reason, that termination of the parental rights of the incarcerated parent is in the best interest of the child. When determining harm, the court shall consider the following factors:

    a.  The age of the child.

    b.  The relationship between the child and the parent.

    c.  The nature of the parent's current and past provision for the child's developmental, cognitive, psychological, and physical needs.

    d.  The parent's history of criminal behavior, which may include the frequency of incarceration and the unavailability of the parent to the child due to incarceration.

    e.  Any other factor the court deems relevant.

§ 39.806(1)(d)1., 3., Fla. Stat. (2023).

Although section 39.806 does not define "incarceration," we have previously defined "incarceration" as being confined in a "governmental institution" and held that house arrest is not equivalent to "incarceration":

[I]ncarceration has been defined [as] confinement in a governmental institution such that a defendant's liberty is circumscribed to the functional equivalent of custody in the county jail. A house arrest program in which the defendant wears an electronic bracelet used for monitoring his whereabouts, and checks with a supervisor daily by telephone and weekly in person, imposes restraints on the defendant's liberty prior to trial, but the conditions do not impose on the defendant restraints which are so onerous as to be equivalent to incarceration in the county jail or the forensic ward of a mental hospital.

3

*Licata v. State*, 788 So. 2d 1063, 1063–64 (Fla. 4th DCA 2001) (quoting *McCarthy v. State*, 689 So. 2d 1095, 1096 (Fla. 5th DCA 1997)).

While *Licata* involved the issue of pre-trial house arrest, we hold the definition of "incarceration" espoused in that case applies equally to a home confinement sentence. We further hold that when a parent is placed on home confinement with terms which enable the parent to be involved in the child's care and well-being, the parent is not "incarcerated" under section 39.806(1)(d). Such a holding is consistent with section 39.806(1)(d)'s purpose of protecting the child's need for a permanent and stable home.

Accordingly, as the trial court in this case expressly found that the terms of the father's home confinement permitted the father to act as a parent to the child, we affirm the court's dismissal of the mother's petition.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

4